CONKLIN et al. v. UNITED STATES SHIPBUILDING CO. et al. (Circuit Court, D. Maine. September 11, 1903.)

PUTNAM, Circuit Judge. On the application of the complainants in this cause, filed the 13th day of July, 1903, the Court, having heard the parties, orders and decrees as follows:

(1) That the order made by the United States Circuit Court for the District of New Jersey, sustaining the application of the complainants for the appointment of a receiver, and appointing said James Smith, Jr., as receiver, with certain powers and under certain instructions set forth in said order of appointment, is hereby, for interlocutory purposes within this district, ratified, confirmed, and approved; and the said James Smith, Jr., as such receiver, is hereby, for interlocutory purposes within this district, vested with the same powers, rights, and privileges as are conferred by said order of said United States Circuit Court for the District of New Jersey over all the property and assets of every name and kind of the defendant corporation United States Shipbuilding Company within this district, except as here otherwise expressly provided; and the said receiver, having already taken and subscribed the oath of office and executed the bond in the manner prescribed by the order of the United States Circuit Court for the District of New Jersey, is hereby authorized to take possession of all property of the defendant corporation United States Shipbuilding Company within this district, except as herein otherwise expressly provided, and to act as such receiver within this district, without taking further oath of office or executing any further bond.

(2) It is further ordered that the officers and directors of the Hyde Windlass Company forthwith deliver to said receiver possession of the real property, plant, machinery, assets, and effects now in their possession and within this district belonging to the defendant corporation United States Shipbuilding Company, being the property, assets, and effects that were leased to the Hyde Windlass Company by said United States Shipbuilding Company by an instrument in writing bearing date the 8th day of August, 1902; provided, however, that the receiver shall from time to time furnish the Hyde Windlass Company with all convenient facilities to enable the latter to complete the work it had on hand at the date of the entry of this order. It is further ordered that the receiver shall continue the business of the Hyde Windlass Company until further order, making new contracts and taking new orders from time to time as found expedient; provided that no contract shall be made, without further orders from this court, which cannot, in the orderly course of business, be performed and completed within one year from the entry hereof. The business is to be done by the Hyde Windlass Company and in its name as the agent of the receiver, and the Hyde Windlass Company is to remain on the leased premises for that purpose; but everything is to be subject to orders which may be given from time to time by the receiver. All liabilities arising from the business carried on as aforesaid shall be chargeable against the assets of the Hyde Windlass Company, and it shall be credited with the profit thereof. Separate books of account shall be opened, in which shall be kept all transactions in which the receiver is concerned, including contracts and orders for all new business which may be taken subsequently to the entry of this order, and special deposits shall be made of all moneys received therefrom. No moneys now in hand or hereafter to be received by the Hyde Windlass Company, either on its own account or on account of the receiver, shall be disbursed for any purpose, except to discharge and protect liabilities and current expenses of the business, without special order of this court. The president, treasurer, and general superintendent of the Hyde Windlass Company shall not be changed by the receiver or corporation, unless by order of this court. The Hyde Windlass Company and the receiver shall have liberty to apply from time to time for modifications of this order, or for orders amendatory thereof or supplementary thereto.

(3) It is further ordered that said Hyde Windlass Company account to the said receiver for all personal property within this district delivered to it, said Hyde Windlass Company, by the defendant United States Shipbuilding Company, at the time of the making of the aforesaid lease or subsequent thereto, and, further, that said Hyde Windlass Company account to said re-

ceiver with reference to the conduct of its business since the making of said lease, for the purpose of ascertaining the profits to be paid over to the United States Shipbuilding Company according thereto, and, further, that said Hyde Windlass Company shall from time to time, when ordered by this court, pay over to said receiver such profits when ascertained, and the value of such personal property consumed by it and not made good; and all of said accounts shall be taken and said profits ascertained by the masters hereinafter appointed, and reports thereof made by said masters to this court.

(4) It is further ordered that the present application for the delivery to the receiver of possession of the land, plant, buildings, machinery, and personal property that were leased to the Bath Iron Works by the defendant corporation United States Shipbuilding Company for the term of one year, expiring on the 12th day of August, 1903, is denied; and it is hereby adjudged that, by virtue of the fact that at the time of the execution of said lease said United States Shipbuilding Company knew that the Bath Iron Works had under construction on its land and in its buildings aforesaid certain vessels which could not be completed within said year, necessarily using therefor all the property, real and personal, aforesaid, said Bath Iron Works is entitled to retain the exclusive possession of all said property within this district, real and personal, until the completion of said vessels, and use the same for their construction; and the exclusive possession of all said property, real and personal, shall be kept by said Bath Iron Works, and used for the purpose of completing said vessels and in the construction thereof; provided, however, that said receiver, as claiming the ownership of the entire share capital of said Bath Iron Works, may from time to time nominate a representative, who shall be paid by the receiver and be kept informed from time to time of the various business operations and affairs of said corporation; and that the officers of said Bath Iron Works shall advise with the receiver, and endeavor to act in harmony with his views in the conduct of the business of that corporation and the administration of its affairs, provided, further, that said Bath Iron Works shall proceed with diligence in the construction of said vessels.

(5) It is further ordered that the said Bath Iron Works account to the said receiver for all personal property within this district delivered to it, said Bath Iron Works, by the defendant United States Shipbuilding Company at the time of the making of the aforesaid lease, or subsequent thereto, and, further, that said Bath Iron Works account to said receiver with reference to the conduct of its business since the making of said lease, for the purpose of ascertaining the profits to be paid to the United States Shipbuilding Company according thereto, and, further, that said Bath Iron Works shall from time to time, when ordered by this court, pay to said receiver such profits when ascertained, and the value of such personal property consumed by it and not made good. All of said accounts shall be taken and said profits ascertained by the masters hereinafter appointed, and reports thereof made by said masters to this court; provided that said payments to said receiver, and each of them, shall only be from money or property not needed to discharge or protect other liabilities of said Bath Iron Works.

(6) It is further ordered that Charles F. Libby, Esq., as the nominee of the complainants, Seth M. Carter, Esq., as the nominee of the defendant corporations, and Mr. George F. Morse, selected by the court, are hereby appointed masters to take and state proper and several inventories of all said property within this district of each of said corporations and report the same to this court, with any opinions or suggestions which they may deem useful in reference thereto; that for these purposes they, as said masters, are authorized to make investigation of the accounts and books of account of each of said corporations, and take such proofs as they may be advised, or as shall be submitted to them by either of the parties hereto, so far as the same may aid in determining any matter submitted to them; and that it shall be their further duty, as such masters, to take and make several and proper inventories showing, respectively, what portions of the personal property leased by the defendant United States Shipbuilding Company to the Hyde Windlass Company and the Bath Iron Works now remain, or have been replaced by other property in lieu thereof—all in order and for the purpose

that there shall be several inventories of the various properties, real and personal, aforesaid, belonging to each of said defendant corporations, and several inventories of the personal property leased by the defendant United States Shipbuilding Company to each of the other corporations, now remaining on hand, including such personal property as has replaced other personal property consumed.

(7) It is further ordered that the complainants shall from time to time cause to be filed in this court, except as already filed, certified copies of all orders or decrees of a general nature in any way affecting the property situated within this district, made or which may be made by said Circuit Court of the United States for the District of New Jersey in the primary cause pending in said court.

(8) It is further ordered that the clerk of this court enter on the minutes a copy of the order of the Circuit Court of the United States for the District of New Jersey appointing said receiver, immediately following the entry of this order, unless the same has already been entered.

(9) It is further ordered that the receiver shall from time to time account to this court for all moneys received or which may be received by him from any matter or thing within this district; that he shall dispose of the same as shall hereafter from time to time be directed by it; and that he shall from time to time, as the same come in, deposit all such moneys in his name as receiver in this cause in some national banking association or associations within this district officially designated as depositaries for the receipt of moneys of the United States, and shall there retain the same, except as drawn out for the purposes of the receivership within this district, or as ordered by this court.

(10) It is further ordered that, until further order of this court, no stockholders' meeting of either the Hyde Windlass Company or the Bath Iron Works shall take any action, except to adjourn to some future time, and no transfers of shares of the capital stock of either of said corporations shall be made upon their respective books, nor new certificates issued therefor.

(11) It is further ordered that nothing herein contained shall be held to impair the title or possession by or of the Hyde Windlass Company, or by or of the Bath Iron Works, of their present respective cash, bills or accounts receivable, materials now on hand or ordered, or which may hereafter be ordered, or received, for the completion of contracts already entered into, or amounts due or to come due to either of them on account of such existing contracts, or to give said receiver control of them, or any of them, or any right or title therein or thereto, except so far as he may be entitled to be paid therefrom as hereinbefore set out, if he proves so entitled.

(12) It is further ordered that either party to this cause, or the receiver, and also the Mercantile Trust Company, may from time to time apply for modifications of this order and decree, or for orders or decrees supplemental hereto or amendatory hereof.

(13) It is further ordered that a copy of this order and decree, certified by the clerk and delivered to one of the masters aforesaid, shall be their commission in reference to all matters to be done by them.