HAYDOCK v. FISHERIES CO.

(Circuit Court, D. Maine. October 31, 1907.)

No. 614.

CORPORATIONS—ANCILLARY RECEIVERSHIPS.

Where a Circuit Court of the United States for the district in which a corporation has its domicile has, in accordance with the local statutes, acquired jurisdiction of a bill in equity to wind up the affairs of the corporation, and has appointed a receiver thereon, the Circuit Court of the United States for the District of Maine will assist by the appointment of an ancillary receiver, first, unless for special reasons, requiring public notice of the application therefor. Hutchinson v. American Palace Car Co. (C. C.) 104 Fed. 182, and Conklin v. United States Shipbuilding Company (C. C.) 123 Fed. 913, applied.

In Equity. On application for appointment of receiver.

Bird & Bradley, for complainant.

PUTNAM, Circuit Judge. This is an application for a receivership of the property in this district of the Fisheries Company ancillary to a receivership constituted by the United States Circuit Court for the District of New Jersey. Such public notice of the application as the court deemed necessary has been given, and no person has intervened to object to the application.

The Fisheries Company was incorporated under the laws of New Jersey; and, on inspection of the bill filed in the District of New Jersey and the relief prayed therein, it appears that the alleged purpose was to secure a receivership and the winding up of the corporation in accordance with the statute laws of that state. The statutory relief being of an equitable character, it is well settled that the federal court in the district of New Jersey had jurisdiction to grant it. The circumstances and the statutory law are in all respects the same as they were in Conklin v. United States Shipbuilding Company (C. C.), in which we appointed an ancillary receiver, as appears in 123 Fed. 913, and 124 Fed. 1020, and we have full regard to the views expressed by us in Hutchinson v. American Palace Car Co. (C. C.) 104 Fed. 182. We are of the opinion that the Circuit Court of the District of New Jersey had jurisdiction in the matter, and that we should co-operate with it as now asked of us.

The order asked for must provide that a detailed inventory of the property covered by it, with a detailed estimate of values, shall be filed in this court by the receivers within two weeks after they are constituted such; and it must also reserve to this court full authority to make all such supplemental orders as to priorities and other incidental equities. It must also provide for a reasonable surety bond to be given by the receivers.

It is ordered that an ancillary interlocutory receiver may be constituted in accordance with our opinion passed down this day.