## MAGUIRE v. MORTGAGE CO. OF AMERICA et al.

(Circuit Court of Appeals, Second Circuit. February 17, 1913.)

No. 143.

CORPORATIONS (§ 684*)—JURISDICTION TO APPOINT RECEIVERS—STOCKHOLDER'S SUIT—FOREIGN CORPORATIONS.

    A federal court of equity has no jurisdiction of an original stockholder's suit against a corporation of another state for the appointment of a receiver to wind up its affairs and distribute its assets, even though the assets may be within its jurisdiction.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2666; Dec. Dig. § 684.*]

Appeal from the District Court of the United States for the Southern District of New York; Julius M. Mayer, Judge.

Suit in equity by William M. Maguire against the Mortgage Company of America and another. From an order denying a motion to vacate an order appointing a receiver, Louis G. Hart appeals. Reversed.

Cardozo & Nathan, of New York City (M. H. Cardozo, Jr., of New York City, of counsel), for appellant.

L. J. Obermeier, of New York City, for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. The power of courts of chancery to appoint receivers of corporations is examined at length in the recent opinion of this court in the Express Company's Appeal (Pennsylvania Steel Co. v. New York City R. Co. [C. C. A.] 198 Fed. 736). It is there shown that the general rule is that such courts have no inherent power to appoint such receivers but that an exception has grown up in the case of creditors' suits against insolvent corporations. But it is also pointed out that there is no departure from the rule that, in the absence of statutory authority, a court of equity has no right to appoint a receiver of a corporation at the instance of a stockholder for the purpose of winding it up and distributing its assets. Statutes of many states and acts of Parliament in England, however, do provide for the liquidation of the affairs of corporations through receivers and when such statutes exist, the courts within the appropriate jurisdictions may enforce them.

The present suit is by a minority stockholder charging that the assets of the defendant corporation are within the jurisdiction; that only its president has qualified as an officer and that lawsuits are threatened, and praying for the appointment of a receiver and "that the assets of the company after the payment of its just debts be applied to the payment of such proportion which the stock of the plaintiff and other shareholders similarly situated are justly entitled to." There is no averment of insolvency. The order involved in this appeal appoints a "temporary receiver" but confers upon him the general powers of receivers.

It is apparent that this is a stockholder's suit for the winding up through a receiver of the affairs of the defendant corporation and if it were a domestic corporation, we should look for a statute of New York authorizing the action prayed for. If we found such a statute and if it were broad enough to create a right in the complainant which could be enforced in the District Court as a court of equity by reason of diverse citizenship, we should say that that court had jurisdiction. Otherwise there would be no warrant for its intervention.

But this is not the case of a domestic corporation. The defendant corporation exists under the laws of the state of Delaware and it is elementary that it is alone for the state which creates a corporation to provide for its dissolution and winding up. A federal court of equity has no jurisdiction over an original stockholder's suit against a foreign corporation for the appointment of a receiver to wind up its affairs and distribute its assets. Republican Mountain Silver Mines v. Brown, 58 Fed. 644, 7 C. C. A. 412, 24 L. R. A. 776; Sidway v. Missouri Land & Live Stock Co. (C. C.) 101 Fed. 481. See also cases post.

But it is urged that all the assets of the corporation are within this jurisdiction and that they may be wasted unless a receiver is appointed here. Well-established equity procedure provides for just such a situation. When a stockholder's suit has been brought in the courts of the state which created the corporation and a receiver has been appointed there, the federal courts in other states will protect property within their jurisdictions by the appointment of ancillary receivers. Parks v. U. S. Bankers' Corp. (C. C.) 140 Fed. 160; Haydock v. Fisheries Co. (C. C.) 156 Fed. 988; Hutchinson v. American Palace Car Co. (C. C.) 104 Fed. 182.

There is nothing in the present bill to show that the established practice would fail to afford the complainant adequate relief and we are, therefore, not called upon to determine whether, under any extraordinary circumstances, the District Court as a court of equity might intervene to protect property of a foreign corporation while awaiting action in the court of primary jurisdiction.

The order of the District Court appointing the temporary receiver is set aside, with costs and the cause remanded with instructions to dismiss the bill for want of jurisdiction without costs.