**ABM. S. SEE & DEPEW, Inc., v. FISHERIES PRODUCTS CO. et al.**

**TIMMONS v. FISHERIES PRODUCTS CO.**

(Circuit Court of Appeals, Second Circuit. November 2, 1925.)

No. 26.

**1. Courts ⟐371(2)—Stockholder's remedy under state statute held not available in federal courts.**

Right of stockholder under C. S. N. C. §§ 1208–1217, to appointment of receiver in case corporation has suspended its ordinary business for want of funds, is not available in federal courts.

**2. Corporations ⟐320(13)—Domiciliary receiver of corporation, appointed to sequester assets against mismanagement, has no extraterritorial power.**

Domiciliary receiver, appointed in stockholder's action to sequester assets of corporation against mismanagement of its officers and directors, has no extraterritorial power, and provision therefor in decree appointing him is ineffective.

**3. Receivers ⟐207—Domiciliary receiver has no priority over receiver previously appointed in another district on creditors' bill.**

Domiciliary receiver has no priority over receiver previously appointed in another district on creditors' bill.

**4. Receivers ⟐207—Rights as between receiver of corporation in particular district and domiciliary receiver subsequently appointed to property within district stated.**

Receivers of corporation appointed on creditors' bill in district other than that of corpora-

tion's domicile have priority of claim to assets within that district, as against domiciliary receiver subsequently appointed.

**5. Corporations ⟐559(4)—Appointment of receivers supersedes power of directors to carry on business.**

Appointment of receivers of corporation on creditors' bill supersedes power of directors to carry on business, and entitles receivers to take possession of corporation until further order of court.

**6. Receivers ⟐206—Domiciliary receivers' motion for appointment of ancillary receivers held properly denied.**

Motion of domiciliary receivers for appointment of ancillary receivers in another district held properly denied, in view of receiver previously appointed in that district on creditors' bill; claim of fraud in procuring such appointment being unsustained.

Appeal from the District Court of the United States for the Eastern District of New York.

Receivership proceedings by Abm. S. See & Depew, Incorporated, against the Fisheries Products Company, wherein Robert Ruark and John S. Weskett were appointed receivers. From an order denying the motion of domiciliary receivers appointed in suit by William M. Timmons in another district for appointment of ancillary receivers in district where first proceedings were pending, William M. Timmons and others appeal. Order affirmed.

Breed, Abbott & Morgan, of New York City, and Larry I. Moore, of Greenville, N. C. (Henry H. Abbott and William B. Shealy, both of New York City, of counsel), for appellants.

Sillcocks, Gedney & Holmes, of New York City (Jerome D. Gedney, of East Orange, N. J., of counsel), for appellee.

Before ROGERS, MANTON, and HAND, Circuit Judges.

MANTON, Circuit Judge. The appellee is a corporation incorporated under the laws of North Carolina. It has its principal place of business in that state. It also has a general office in the city of New York and two large fish factories and fertilizer plants on Long Island, within the Eastern district of New York. Other plants are located in Virginia and North Carolina.

On September 20, 1924, a bill in equity was filed in the District Court for the Eastern District of New York praying for the appointment of receivers to take possession of its property and manage and conduct its business during the pendency of the action.

Receivers were appointed on September 22nd. This suit was based upon the usual allegations of a creditor's bill to conserve the assets of the corporation for the benefit of its creditors. An answer was filed, admitting the allegations of the bill, verified by the president of the corporation, but it is claimed that such verification was made and answer filed without authority from the stockholders or board of directors. To support this contention, we are referred to the record on appeal from the order appointing the receivers. This record is not before us, and we may not consider this contention. There is no allegation of such claim in the present bill. It was upon such admissions contained in the answer that the District Judge made the appointment of the receivers.

The appellant, who is a stockholder of the appellee, residing in South Carolina, filed a bill in equity in the District Court for the Eastern District of North Carolina, praying for the appointment of receivers upon the ground of gross fraud in the sale of the stock and mismanagement on the part of the officers and directors of the corporation, particularly of the president, who verified the answer in the New York District Court which, it is alleged, resulted in a dissipation of the assets of the corporation. It is alleged that the receivership applied for and granted in the Eastern district of New York was fraudulent and collusive, and was for the purpose of hindering and preventing the creditors and stockholders of the corporation, most of whom resided in South and North Carolina, from procuring an examination and audit of the books of the corporation. On November 5, 1924, the District Judge for the Eastern district of North Carolina appointed receivers for the defendant corporation in that district. On November 11, 1924, domiciliary receivers appointed in North Carolina, applied for the appointment of ancillary receivers in the Eastern district of New York. At the same time, a motion was made to dismiss the original suit which resulted in the appointment of three receivers within the Eastern district of New York. The District Judge denied both motions. The receivers appointed in North Carolina were authorized and directed by the provisions of a decree there made, to make application for the appointment of ancillary receivers in the Eastern district of New York. This appeal is from the order denying the motion for the appointment of ancillary receivers. No appeal is taken from the order of the District Court denying the motion to dismiss the bill in the original suit filed within the Eastern district.

[1] The decree of the District Court of North Carolina of November 5, 1924, gave power to the receivers there appointed to take charge of all the property of the defendant wheresoever situated and to conduct the business of the defendant. The order appointing receivers in the Eastern district of New York was upon a prayer asking for the appointment of general or domiciliary receivers and granted to them general and extraterritorial powers. Section 1210 of the Consolidated Statutes of North Carolina vests in a receiver, appointed in that state, title to all the assets of the corporation, and article 10, chapter 22, of the Consolidated Statutes, provides for a suit wherein a receiver may be appointed, in case the corporation has suspended its ordinary business for want of funds. But this statute did not confer upon a stockholder or a creditor a substantive right, but merely gave a new remedy and such remedy is not available in the federal courts. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763. Therefore, if the appellant bases his right to an ancillary receiver and to possession of the assets under article 10, the federal court has no jurisdiction. A receiver appointed pursuant to section 1210 of the Consolidated Statutes of North Carolina would be permitted to apply in the District Court for the Eastern District of New York, and this would secure the conformity of that court with the action of the North Carolina court. Ward v. Foulkrod (C. C. A.) 264 F. 627.

[2-4] The bill filed in the District Court for the Eastern District of North Carolina was filed as a result of a stockholder's action and sought to sequester the assets of the corporation against the mismanagement of its officers and directors. The receiver appointed in such an action has no extraterritorial power. Sterrett, etc., v. Second National Bank, 248 U. S. 73, 39 S. Ct. 27, 63 L. Ed. 135; Lion Bonding & Surety Co. v. Karatz, 262 U. S. 77, 43 S. Ct. 480, 67 L. Ed. 871. The provision of the decree appointing the receiver granting extraterritorial power is ineffective. The present suit in the Eastern district of New York is ancillary to the suit in North Carolina district. The receiver appointed in the North Carolina district had no priority over a receiver appointed in the Eastern district of New York on the usual creditors' bill. The District Judge for the Eastern district had authority to appoint receivers of the property of a foreign cor-

poration on a creditors' bill, and having done so, such receivers had priority of claim to the assets within that district. Ward v. Foulkrod, supra. Since there is nothing contained in this record which justifies the claim advanced by the appellant that the Eastern district of New York was without jurisdiction to appoint receivers because the answer filed in the original suit in that district was without consent, the argument fails. [5, 6] If, as alleged, there has been mismanagement of the affairs of the corporation by its officers, that will now cease since the property of the corporation in the Eastern district of New York is in the possession of the receivers. The appointment of the receivers supersedes the power of the directors to carry on the business of the corporation, and the receivers take possession of the corporation until the further order of the court. Porter v. Sabin, 149 U. S. 479, 13 S. Ct. 1008, 37 L. Ed. 815; Graselli Chemical Co. v. Ætna Explosives Co., 252 F. 456, 164 C. C. A. 380. Nor is Maguire v. Mortgage Co. of America, 203 F. 858, 122 C. C. A. 83, in conflict. There an original stockholder brought suit against a corporation of another state for the appointment of a receiver to wind up its affairs and distribute its assets. This court held that a federal court of equity had no jurisdiction of such an action, even though the assets were within its jurisdiction. As we have noted, the suit in the Eastern district of New York was by a creditor and prayed for a different relief. That suit was not to wind up the affairs of the corporation, but to conserve its assets for the benefit of creditors and ultimately restore the corporation to its stockholders.

Order affirmed.