## FISHERIES PRODUCTS CO. v. TIMMONS et al.

(Circuit Court of Appeals, Fourth Circuit. November 24, 1926.)

No. 2522.

Courts &#61;493(2)—Stockholder complainant in federal court held properly granted leave to apply to state court for appointment of statutory receivers.

Complainant in a stockholder's suit for appointment of chancery receivers for a corporation *held* properly granted leave to apply to a state court for appointment of statutory receivers, where application by the receivers appointed for ancillary receivership in another jurisdiction had been denied, on the ground that they had no extraterritorial powers, and that receivers had there been appointed in a creditor's suit, who had possession of the property of the corporation in that district.

Appeal from the District Court of the United States for the Eastern District of North Carolina, at Wilmington; Isaac M. Meekins, Judge.

Suit in equity by William M. Timmons against the Fisheries Products Company. From an order allowing complainant to apply to a state court for appointment of stat-

utory receivers, defendant appeals. Affirmed.

Rountree & Carr, of Wilmington, Del., for appellant.

T. D. Warren, of Newbern, N. C. (L. I. Moore, of Newbern, N. C., on the brief), for appellees.

Before WADDILL and PARKER, Circuit Judges, and SOPER, District Judge.

PER CURIAM. This is an appeal from an order allowing complainant in the court below to make application to the courts of the state of North Carolina for the appointment of receivers under section 1210 of the Consolidated Statutes of North Carolina, for the Fisheries Products Company, a corporation of that state. Complainant, a resident of the state of South Carolina, is a stockholder of the corporation. In November, 1924, he instituted this suit in the District Court for the Eastern District of North Carolina, and receivers were appointed therein who took possession of the assets of the corporation in that jurisdiction. Subsequently these receivers applied to the United States District Court for the Eastern District of New York for the appointment of ancillary receivers; but this application was denied on the ground that receivers had previously been appointed to take charge of and conserve the assets of the corporation in that jurisdiction, and that the receivers appointed in North Carolina, being chancery and not statutory receivers, had no extraterritorial power, and that the decree attempting to confer such power was ineffective. In affirming the order denying the application, the Circuit Court of Appeals of the Second Circuit said:

"The decree of the District Court of North Carolina of November 5, 1924, gave power to the receivers there appointed to take charge of all the property of the defendant wheresoever situated and to conduct the business of the defendant. The order appointing receivers in the Eastern district of New York was upon a prayer asking for the appointment of general or domiciliary receivers and granted to them general and extraterritorial powers. Section 1210 of the Consolidated Statutes of North Carolina vests in a receiver, appointed in that state, title to all the assets of

the corporation, and article 10, chapter 22, of the Consolidated Statutes, provides for a suit wherein a receiver may be appointed, in case the corporation has suspended its ordinary business for want of funds. But this statute did not confer upon a stockholder or a creditor a substantive right, but merely gave a new remedy and such remedy is not available in the federal courts. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763. Therefore, if the appellant bases his right to an ancillary receiver and to possession of the assets under article 10, the federal court has no jurisdiction. A receiver appointed pursuant to section 1210 of the Consolidated Statutes of North Carolina would be permitted to apply in the District Court for the Eastern District of New York, and this would secure the conformity of that court with the action of the North Carolina court. Ward v. Foulkrod (C. C. A.) 264 F. 627." Timmons v. Fisheries Products Co. (C. C. A.) 9 F.(2d) 235.

Promptly upon the announcement of this decision, complainant filed a petition setting forth the facts, and asking that he be allowed to apply to the courts of the state of North Carolina for appointment of receivers under section 1210 of the Consolidated Statutes of that state, so that the affairs of the corporation might be wound up and that an accounting might be had from certain of its nonresident officers for alleged frauds and mismanagement. The prayer of the petition was granted, in order that through statutory receivers the rights of the corporation against its wrongdoing officers might be more speedily determined. The order did not surrender, or propose to surrender, control over any of the assets of the corporation then in the custody of the court to the statutory receivers to be appointed by the state court.

It is not necessary that we enter into any technical discussion of the right of the corporation to appeal from the order complained of or of the powers of federal equity courts over receiverships. We think that the District Judge acted within his powers, and that, under the peculiar circumstances of the case, the order entered was right and proper, and should be affirmed.

Affirmed.