## BEASLEY et al. v. MUTUAL HOUSING CO., Inc., et al.

### No. 4872.

Court of Appeals of District of Columbia.
Argued Feb. 5, 1930.
Decided March 3, 1930.

Charles H. Houston, of Washington, D. C., for appellants.

George A. Parker and Benj. L. Gaskins, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

Appeal from a decree dismissing the amended bill of complaint filed by the appellants as plaintiffs in the lower court.

It is alleged in the bill that the defendant Mutual Housing Company, Inc., is a Delaware corporation, organized for the purpose of doing a general real estate business in the District of Columbia; that defendant Mitchell is its "promotor, president, general manager, director, majority stock holder and

counsel"; that defendant Jernagin is its vice president and director; that defendant Atwood is its secretary and director; that defendant Early is its treasurer and director; and that the plaintiffs are minority stockholders of the corporation. It is alleged that plaintiffs bring the suit both personally and in behalf of all the other stockholders similarly situated; such stockholders being so numerous as to make it impracticable to cite them individually before the court, although the issues involved in the suit are common to them all alike. It is alleged that, after its incorporation, the company engaged in a general real estate business in the District of Columbia and purported to act as real estate broker and rental agent, and purchased and still owns various valuable parcels of real estate having an aggregate rental of more than a thousand dollars a month.

The plaintiffs charge that defendant Mitchell, as owner of the majority of the corporate stock, is in absolute control of the company, and has caused the election of a board of directors who are entirely subservient to his wishes; that he has caused illegal capital stock to be issued without consideration to himself and others, and has defrauded the company in various ways, including personal use of its property without compensation, and fraudulent reports of his financial transactions with the company. These charges are set out in great detail in the bill, but the present general reference to them is sufficient for the purposes of this opinion. The prayers of the plaintiffs' bill include an accounting, cancellation of stock, declaration of a lien, appointment of a receiver pendente lite, injunction, discovery, and general relief.

The lower court dismissed the bill upon the ground, among others, that the relief sought by it would require the court to interfere with and regulate the internal affairs of a foreign corporation. We think that this decision is fully sustained by the general rule that courts will not interfere in controversies relating only to the internal management of the affairs of a foreign corporation, and that such controversies must be settled by the courts of the state creating the corporation. 14a C. J. 1329.

"Even where a foreign corporation has submitted itself by agreement, by the appointment of agents or otherwise, to the jurisdiction of the courts of a state, such local courts have no jurisdiction to interfere by injunction or otherwise in the internal management of a foreign corporation, though the action may be by a resident stockholder." 5 Thompson on Corporations, #6741.

"It may not be, in all cases, easy to draw a clear line of distinction between the acts of a corporation relating to its internal management, and those which do not. But we apprehend the distinction to be this: That, where the act complained of affects the complainant solely in his capacity as a member of the corporation, whether it be as stockholder, director, president, or other officer, and is the act of the corporation, whether acting in stockholders' meeting, or through its agents, the board of directors, then such action is the management of the internal affairs of the corporation, and, in case of a foreign corporation, our courts will not take jurisdiction. Where, however, the act of the foreign corporation complained of affects the complainant's individual rights only, then our courts will take jurisdiction, whenever the cause of action arises here." North State Copper & Gold Mining Co. v. Field, 64 Md., 151, 154, 20 A. 1039, 1040.

It is clear that the present case relates to controversies arising among the stockholders as such of a foreign corporation, concerning the management of its internal affairs. It is not alleged that the corporation is insolvent or that the plaintiffs are creditors of the company. The rights which the plaintiffs assert are only such as belong to them as stockholders of the corporation, and relate to the internal management thereof. The relief which they seek would require the court to take at least partial control of the affairs of the corporation in order to determine and enforce the rights of the stockholders thereof inter sese. This the court does not assume to do with reference to the affairs of foreign corporations.

The decree of the lower court is accordingly affirmed, with costs.