## MACCARONE v. BIG SIGN SHOP, Inc., et al.
### No. 4953.

Court of Appeals of District of Columbia.

Submitted May 6, 1930.

Decided June 2, 1930.

F. R. Noel and E. R. Pruner, both of Washington, D. C., for appellant.

J. W. Cox and J. T. Sherier, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

Appeal from a decree dismissing a bill of complaint filed by appellant as plaintiff in the lower court, upon the ground that the bill failed to set forth facts sufficient to state a cause of action.

The bill sets out that the defendant Big Sign Shop is a corporation organized and existing under the laws of the state of Virginia and having an office in that state, but having its actual business offices in the District of Columbia; that plaintiff is vice president, stockholder, and director thereof; that defendant George S. H. Carroll "is sued in his own right as a stockholder and director in the defendant corporation," and defendant Marie W. Carroll "is sued in her own right as an alleged stockholder and alleged director in said defendant corporation." The bill states in substance that when the corporation was organized its entire capital stock was owned as follows: George S. H. Carroll, 13 shares; Pasquale Maccarone, 13 shares; Charles W. Pyne, Jr., 1 share; each share having a par value of $100; that immediately thereafter the corporation purchased the share of stock held by Charles W. Pyne, Jr., but that for convenience the share was permitted to stand in his name upon its records; that the defendants George S. H. Carroll and Marie W. Carroll fraudulently secured control of the share of stock nominally held by Pyne, and thereupon claimed to own a majority of the shares of stock in the corporation; that they then held a stockholders' meeting without proper notice to plaintiff, and assumed to control the affairs of the corporation without regard to the rights of the plaintiff or the interests of the corporation; and that as a result of their mismanagement of the corporation's affairs its business is at a standstill, and it will become totally disorganized to plaintiff's great financial loss and damage. Plaintiff states that the assets of the corporation include nearly $500 in bank, bills receivable of approximately $200, unfinished business valued at nearly $300, fixtures and supplies valued at about $400, and the trade-name "Big Sign Shop, Incorporated." He prays that a receiver be appointed to take over the assets, manage and liquidate the business and affairs of the cor-

poration under the direction of the court, that the issues be referred to the auditor of the court for an accounting, and that the receiver be ordered to distribute the assets of the corporation according to such accounting.

The lower court held that the averments of the bill failed to show that the plaintiff was entitled to the relief sought by him, and we agree with this ruling.

The present case is essentially similar to that of Beasley & Frazier v. Mutual Housing Co., Inc., recently decided by this court, see 59 App. D. C. 245, 39 F.(2d) 290, 291, wherein, in accordance with the overwhelming weight of authority, we said: "The lower court dismissed the bill upon the ground, among others, that the relief sought by it would require the court to interfere with and regulate the internal affairs of a foreign corporation. We think that this decision is fully sustained by the general rule that courts will not interfere in controversies relating only to the internal management of the affairs of a foreign corporation, and that such controversies must be settled by the courts of the state creating the corporation. * * * It is clear that the present case relates to controversies arising among the stockholders as such of a foreign corporation, concerning the management of its internal affairs. It is not alleged that the corporation is insolvent or that the plaintiffs are creditors of the company. The rights which the plaintiffs assert are only such as belong to them as stockholders of the corporation, and relate to the internal management thereof. The relief which they seek would require the court to take at least partial control of the affairs of the corporation in order to determine and enforce the rights of the stockholders thereof inter sese. This the court does not assume to do with reference to the affairs of foreign corporations."

See Clark v. Life Ass'n, 14 App. D. C. 154, 43 L. R. A. 390; Palmer v. Morgan, 45 App. D. C. 334 et seq.; Maguire v. Mortgage Co. (C. C. A.) 203 F. 858.

Consistently with our former decision, we hold that the decree of the lower court in this case should be, and it is, affirmed with costs.