## In re MALLOW HOTEL CORPORATION.

## In re WILKES BARRE HOTEL CO.
### Nos. 9287, 9476.

District Court, M. D. Pennsylvania.
April 13, 1937.

Henry A. Gordon and Felix W. Bolowicz, both of Wilkes Barre, Pa., and Arthur Butler Graham, of New York City, for petitioner.

Thomas F. Farrell, of Wilkes Barre, Pa., for respondent.

JOHNSON, District Judge.

This is a petition to review the special master's decision dismissing a motion to cancel a certificate of stock and to hold Homer R. Mallow in contempt of court.

The following facts are admitted by the pleadings: On May 28, 1930, the Mallow Hotel Corporation and Homer R. Mallow, its president and a director, made a joint and several promissory note to the Second National Bank of Wilkes Barre for a loan of $30,000 and there was pledged as collateral $30,000 third mortgage bonds of the Wilkes Barre Hotel Company and a certificate for 16,150 shares of the common stock of the Mallow Hotel Corporation. On January 12, 1931, equity receivers for the Mallow Hotel Corporation were appointed by this court.

The note was not paid when due, and the Second National Bank on October 2, 1934, sold and delivered the collateral consisting of the stock certificate and the bonds for $700 to the receivers. The receivers delivered the stock certificate to the trustees in reorganization proceedings for the Mallow Hotel Corporation who were ap-

870

pointed after a petition for reorganization of the Mallow Hotel Corporation under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207) was filed.

On June 8, 1936, at an alleged meeting of the board of directors of the Mallow Hotel Corporation the stock certificate held by the receivers was declared by the directors to be null and void and a new certificate for 16,150 shares was issued to Mallow on the ground that Mallow owned the certificate held by the receivers. This second certificate Mallow indorsed and delivered to the American Surety Company.

The trustees petitioned for a rule on Mallow to show cause why the certificate issued in 1936 should not be declared void and be canceled; why a new certificate should not be issued in the name of the trustees upon surrender of the original certificate; why Mallow and other officers of the Mallow Hotel Corporation should not be restrained from issuing other certificates; and why Mallow should not be adjudged in contempt of court for irregular and illegal acts. The rule was made returnable before David Rosenthal, referee as special master.

At a hearing before the special master the petitioner moved on the pleadings that the second certificate issued to Mallow be canceled, a new certificate be issued to the trustees replacing the original certificate, and that Mallow be adjudged in contempt of court. The special master overruled these motions on the grounds that petitioner refused to state of record whether or not the respondent is called to answer to a criminal or civil contempt and that no evidence was submitted. The special master also recommends that the petition to review be dismissed because it and the affidavit are made by the special attorney for the trustees and not by a creditor, bankrupt, trustee, or other person as required by General Order 27, 11 U.S.C.A. following section 53.

■ First, as to the party making the petition for review. The petition for review here is in effect a statement of objections or exceptions to the special master's report and is properly signed by the objectant's attorney. Equity Rule 24, 28 U.S.C.A. following section 723, p. 16; 2 Gerdes on Corporate Reorganizations, sec. 979, p. 1577.

■ Secondly, as to the validity of the second certificate for 16,150 shares of the Mallow Hotel Corporation common stock issued to Homer R. Mallow. The original certificate was purchased by the equity receivers and by them transferred to the present trustees. The resolution of the directors of the Mallow Hotel Corporation in so far as it canceled the original certificate was a nullity for the directors had no power to cancel this original certificate. The appointment of the receivers superseded the power of the directors to carry on the business of the corporation. Likewise, the directors had no power to issue a new certificate to Mallow. Graselli Chemical Co. v. Aetna Explosives Co. (C. C.A.) 252 F. 456; Abm. S. See & Depew, Inc., v. Fisheries Products Co. (C.C.A.) 9 F.(2d) 235. The second certificate of stock therefore is a nullity.

■ Mallow contends that an issue as to the title to the certificate has been raised by his answer to the forty-second paragraph of the petition. This paragraph of the petition avers that it will be impossible for the trustees to conclude the reorganization until the second certificate is returned and canceled upon the books of the Mallow Hotel Corporation. Mallow's answer denies this and avers that he acted under advice of counsel and that it was proper for the directors to issue the second certificate inasmuch as title to the stock never passed out of him and now resides in him. Prior paragraphs of the pleadings, however, admit that that original certificate of stock was pledged as part collateral for the loan to the Mallow Hotel Corporation, that the collateral was sold to the receivers for $700 by the bank which had the right to sell it, and that the receivers delivered the certificate to the present trustees. Thus title to the certificate is in the trustees and not in Mallow. The advice of counsel would not alter the title to the certificate, nor would the broad assertion that title never passed out of Mallow raise in issue a point he has already shown to be otherwise by the preceding admissions in his pleadings. Therefore the trustees have title to the original certificate which is valid and subsisting.

■ Thirdly, as to whether Mallow should be adjudged in contempt of court. Since the second certificate is to be ordered null and void there is no need for this court to determine whether Mallow has committed a contempt. The power of the court to contemn should be exercised sparingly so long as justice can be done.

And now, April 13, 1937, it is ordered and decreed that the certificate of 16,150

shares of the Mallow Hotel Corporation stock issued to Homer R. Mallow upon the resolution of the board of directors of the Mallow Hotel Corporation of June 8, 1936, is null and void, and that the same be canceled upon the books of the Mallow Hotel Corporation; that the certificate of 16,-150 shares of the Mallow Hotel Corporation held by the trustees in bankruptcy proceedings under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207) is valid and subsisting; and that part of the petition to adjudge Homer R. Mallow in contempt of court is dismissed.