PROVO STY, J.
This suit is for the appointment of a receiver to the defendant corporation, and is by one of its stockholders. The defendant is a Texas corporation domiciled in Texas. The defense is that only at the suit of a creditor are the courts of this state authorized to appoint a receiver to a foreign corporation not located in this state. The question depends upon the interpretation to be placed on Act 159, p. 312, of 1898, which is the statute authorizing and regulating the appointment of receivers to corporations. Section 1 of the act reads:
“The several district courts of this state, and the civil district court of the parish of Orleans, are empowered to appoint receivers to take charge of the property and business of corporations domiciled in this state, and of the property of foreign corporations actually located herein, in the cases and under the conditions following, to wit.”
Then follow nine paragraphs setting forth when a receiver may be appointed at the instance of a creditor, when at the instance of a stockholder, and when at the instance of either. For mismanagement by the officers, which is the ground of the present suit, paragraph 2 authorizes an appointment to be made at the' suit of a stockholder. But this paragraph must, in our opinion, be held to have reference only to home corporations, or to foreign corporations located in this state; for paragraph 10 makes special provision for corporations domiciled out of the state, and authorizes the appointment of a receiver in their case only at the instance of a creditor. It reads:
“At the instance of any creditor residing in this state of the property actually situated in this state of a corporation domiciled out of this state for any of the causes hereinabove mentioned.”
it will be noted that not every creditor may sue, but only one “residing in this state.” The idea evidently is that in the case of corporations domiciled out of, and not located in, the state the proper forum for foreign creditors and stockholders to seek relief in is the court of the domicile of the corporation.
In Van Vleet v. Oil Co., 127 La. 919, 54 South. 286, relied upon by plaintiff, the corporation was located in this state.
Any other interpretation than this would render useless this paragraph 10; for the preceding paragraphs empower creditors in general, not only residing creditors, but all creditors, to cause receivers to be appointed in all cases in which a creditor could possibly have a pecuniary interest to protect in doing so; and therefore, if these paragraphs had *774 application to all corporations, and. not merely to tliose located in this state, the effect of paragraph 10 would be simply to confer upon residing creditors an authority already conferred upon them by the preceding paragraphs.
Judgment affirmed.
O’NIELL, J., dissents.