**WILKINSON et al. y. WOGAN.**

(Oct. 5, 1926. Rehearing Denied Nov. 2, 1926.)

*(Syllabus by Editorial Staff.)*

**1. Corporations ⬤691.**

Liquidators of Mississippi corporation doing business in this state, not having been appointed by Mississippi court in accordance with laws of that state, were not duly qualified liquidators with capacity to sue in this state.

**2. Corporations ⬤691.**

Where liquidators of foreign corporation were not duly appointed in state in which it was created, civil district court was without jurisdiction to wind up affairs and dissolve corporation.

**3. Corporations ⬤691.**

Where civil district court was without jurisdiction to appoint liquidators of foreign corporation, judgment appointing them was null, and could be attacked collaterally by one sued by them.

**4. Corporations ⬤691.**

Where parties were appointed by stockholders of corporation to settle and compromise claims and wind up its affairs, it was a proceeding to dissolve corporation, not merely to appoint liquidators.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Horace Wilkinson and another, Liquidators of Heaslip Molasses & Sugar Company, Inc., against Maurice G. Wogan. Defendant's exceptions were maintained and plaintiffs appeal. Affirmed.

Spencer, Gidiere, Phelps & Dunbar, and Isaac S. Heller, all of New Orleans, for appellants.

Charles Rosen and Louis L. Rosen, both of New Orleans, for appellee.

LAND, J. The plaintiffs, representing themselves to be the duly appointed and qualified liquidators of the Heaslip Molasses & Sugar Company have instituted the present suit on a note for $7,100, alleged to have been executed by the defendant for the purchase price of 71 shares of the capital stock of said company.

Plaintiffs allege that said company is insolvent, and that its total assets. including all valid collectable debts due it, are not sufficient to liquidate its indebtedness.

Defendant excepted to plaintiff's suit on the ground that the Heaslip Molasses & Sugar Company is a corporation organized under the laws of the state of Mississippi; that the corporation has never been legally dissolved according to the laws of that state; that plaintiffs have never been legally appointed or qualified as liquidators of said corporation under those laws; and therefore they have no capacity to file or prosecute this suit or stand in judgment.

Defendant further excepted that plaintiffs have no right or cause of action herein against defendant, and that the civil district court for the parish of Orleans is without jurisdiction ratione materiæ to entertain this proceeding.

These exceptions were maintained, and plaintiffs have appealed.

1. The issue as to the capacity of the liquidators to sue and stand in judgment, and as to the jurisdiction of the civil district court for the parish of Orleans to entertain this suit, presents serious questions.

The charter of the incorporation of the Heaslip Molasses & Sugar Company was filed in evidence on the trial of the exceptions.

[1, 2] It appears from the charter that the

rights and powers that may be exercised by said company are those conferred by the provisions of chapter 24, Mississippi Code 1906; that the capital stock is fixed at $100,000; and that the domicile of the company is in the City of Pass Christian, state of Mississippi.

The company conducted an office in the city of New Orleans, and transacted its business there, but operated under its Mississippi charter. All of the property of the company is located in the State of Louisiana.

The Code of Mississippi (Hemingway's) § 4108 (932) provides that—

"Whenever any of the stockholders in any corporation formed under the laws of Mississippi shall desire to surrender its charter, a meeting of the corporation shall be called for the purpose, after three weeks' notice published in some newspaper published in the county of the domicile of the corporation, and a copy of said paper shall be mailed to each stockholder at his postoffice address, if known, and if at said meeting the holders of two-thirds of the stock of the company shall vote either in person or by proxy for the dissolution of the corporation, a petition shall be filed in the chancery court of the county in which the domicile of the corporation is situated, in the name of the corporation and against the dissenting stockholders if any, if none, the proceedings shall be ex parte. If, upon the hearing, of the petition it shall appear that the holders of two-thirds of the stock have voted for said dissolution, and that it would be to the best interest of all parties in interest that the corporation be dissolved, then liquidators of the corporation shall be appointed by the chancery court, not exceeding three in number, who shall give bond in such sums as the court may fix, and conditioned to faithfully perform their duties as liquidators, and if there are creditors of such corporation said liquidators shall pay out of the assets the debts of the corporation in full, if there be sufficient assets, and if not, then pro rata, and if there shall be any assets left after paying the debts, then the same shall be distributed among * * * the stockholders. The chancery court may allow the liquidators such compensation as may be just and proper. When the assets of the corporation have been fully liquidated, or when the liquidators, in cases in which there are no debts and no assets, shall have ascertained this fact, the liquidators shall report to the chancery court,

and the chancery court shall thereupon enter a decree dissolving the corporation, confirming the accounts and report of the liquidators and ordering their discharge, and a certified copy of said decree shall be filed in the office of the secretary of state, and after the filing of said decree in said office the corporation shall be dissolved," etc. Laws 1914, c. 124, in effect March 28, 1914.

It is admitted by plaintiffs that they have not been appointed liquidators of the Heaslip Molasses & Sugar Company by the chancery court of the county in the state of Mississippi in which the domicile of the corporation is situated, and that they have given no bonds as liquidators in that court.

It is clear, therefore, that plaintiffs are not the duly appointed and qualified liquidators of the Heaslip Molasses & Sugar Company, as said company is a foreign corporation, created under the laws of the state of Mississippi, and is governed solely by those laws in the matter of the liquidation and winding up of its affairs

"The dissolution of a corporation, whether by the expiration of its charter, the forfeiture of its privileges, or as a result of its insolvency, is governed and controlled by its charter and the laws of the sovereignty by which it was created.

"Regardless of the grounds for dissolving the corporation, it retains its character, with all the legal capacity it ever possessed, until dissolved by a proceeding had in the state of its creation.

"The courts of one state or country have no jurisdiction or power to dissolve a corporation created by another state or country. The fact that the foreign corporation does business or owns property in the state where the action to dissolve is brought does not give the court the power to dissolve it."

14a C. J. p. 1349; Maguire v. Mortgage Co. of America et al., 203 F. 858, 122 C. C. A. 83; Pearce v. Sutherland et al., 164 F. 609, 90 C. C. A. 519; Heitkamp v. American Pigment and Chemical Co., 158 Ill. App. 587; Miller et al. v. Hawkeye Gold Dredging Co., Ltd., et al., 156 Iowa, 557, 137 N. W. 507; Dickey v. Southwestern Surety Ins. Co., 119 Ark. 12, 173 S. W. 398, Ann. Cas. 1917B, 634; Shepherd v. Southern Lumber Co., 139 La. 771, 72 So. 241.

It is clear, therefore, that plaintiffs are without capacity to prosecute this suit and stand in judgment, and that the civil district court is without jurisdiction to wind up the affairs of this company and dissolve it.

Plaintiffs contend, however, that defendant is estopped from questioning their capacity to appear in this proceeding and from attacking the jurisdiction of the civil district court, as defendant was present at a stockholders' meeting held in the city of New Orleans, at which plaintiffs were unanimously elected as liquidators, and the following resolution was adopted by all of the stockholders of said company:

"Resolved, that the Heaslip Molasses & Sugar Co., Incorporated, be placed in liquidation. That H. Wilkinson and J. B. Bassich be hereby elected liquidators with full power to wind up the affairs of this corporation, and that the said liquidators are hereby authorized to settle, compromise, and adjust any and all claims of this corporation as they may see fit."

The testimony offered on the trial of the exceptions did not satisfy the district judge that defendant was present at the stockholders' meeting at which the above resolution was adopted, and that he voted for same. There is a conflict in the testimony on this point, and, as the trial judge saw and heard the witnesses, we feel that his finding in this respect should not be disturbed.

The plea of estoppel was therefore properly overruled in the lower court.

[3] 2. The second contention of plaintiffs is that the judgment appointing them as liquidators cannot be attacked collaterally.

As the civil district court is without jurisdiction to appoint plaintiffs as liquidators, the judgment of said court appointing them is absolutely null, and its nullity may be invoked collaterally by any person against whom the judgment is interposed. Decuir v. Decuir, 105 La. 485, 29 So. 932; Andrews v. Sheehy, 122 La. 464, 47 So. 771.

[4] 3. The third contention of plaintiffs is that this is not a proceeding to dissolve the corporation, but merely to appoint liquidators.

We cannot concur in that view of the case, as the resolution adopted by the stockholders confers upon the liquidators not only the power "to settle, compromise, and adjust any and all claims of this corporation," but "full power to wind up its affairs," which we construe to mean ample power to settle its affairs, collect the outstanding debts, sell and convey the property, pay its debts, and divide the remaining money and property, if any, among the stockholders.

The present liquidators of the Heaslip Molasses & Sugar Company could have no greater powers than those conferred by the resolution of the stockholders electing them, even if the corporation was being dissolved and liquidated in the chancery court of Mississippi.

Plaintiffs are not receivers appointed by the civil district court at the instance of creditors of the corporation, but are liquidators pure and simple, elected by the stockholders, for the purpose of winding up the affairs of the corporation, in the same manner as in case of formal dissolution of the corporation by the stockholders.

Judgment affirmed.

ROGERS, J., concurs in the decree.