9 So.2d 428

SIMMS v. COASTAL OIL & FUEL CORPORATION et al.

No. 36615.

June 29, 1942.

W. P. Hamblen, of Houston, Tex., and Pugh, Buatt & Pugh, of Crowley, for appellant.

Joseph S. Gueno, Jr., and H. Purvis Carmouche, both of Crowley, for appellees.

O'NIELL, Chief Justice.

This is a suit to have a receiver appointed to take charge of the property belonging to

a foreign corporation and situated in this state. The property is incorporeal immovable property, being an interest in an oil and gas lease on land in Acadia Parish, and a reversionary interest in the property appurtenant to the lease, including the wells, pipe lines, et cetera.

The suit is brought under the provisions of Act 159 of 1898, which provides that the district courts throughout the state and the Civil District Court for the Parish of Orleans are empowered to appoint receivers to take charge of the property and business of corporations domiciled in this state, or to take charge of the property of foreign corporations, if the property is actually located in the state.

The plaintiff is suing both as a stockholder and as a creditor of the corporation, and is asking for the appointment of the receiver only to take charge of the property belonging to the corporation and located in this state and within the jurisdiction of the court in which the suit was brought. The cause or right of action which she claims, to have a receiver appointed to take charge of the property of the corporation, is stated in the first section of the statute, and specifically in the third paragraph of the section,—thus:

"That the several District Courts of this State * * * are empowered to appoint receivers to take charge of the property * * * of foreign corporations actually located herein. * * *

"3. At the instance of any stockholder or creditor when the property of the corporation is abandoned, or when by failure of the stockholders to elect, or the neglect or the refusal of the officers to serve, there is no one authorized to take charge of or conduct its affairs".

The plaintiff owned nearly all of the capital stock and all of the bonds of the defunct corporation. The corporation was organized under the laws of the State of Virginia on November 23, 1917, and had its domicile and principal office in Richmond. The company was authorized to issue $3,000,000 of capital stock; that is, not more than $1,000,000 of 8% preferred stock and not more than $2,000,000 of common stock. The principal purpose for which the corporation was organized was to deal in mining leases, and in oil, gas and mineral rights. The corporation issued 3,000 shares of preferred stock at the par value of $100 per share and 10,000 shares of common stock at the par value of $100 per share, and issued 200 mortgage bonds for $1,000 each. The mortgage securing the bonds was recorded in the Parish of Acadia, Louisiana, where the property is situated.

The plaintiff owns all of the mortgage bonds issued by the corporation and owns 2,703 of the 3,000 shares of preferred stock, and owns 9,653 of the 10,000 shares of common stock issued by the company. The owners of the remaining 297 shares of preferred stock and the owners of the remaining 347 shares of common stock are nonresidents of this state. Although it was not necessary, these nonresident shareholders were made parties defendant in this suit and a curator ad hoc was appointed to represent them. A curator was appointed also to represent the foreign corporation.

The corporation qualified to do business in Louisiana, soon after the corporation was organized, and actually did business here, in Acadia Parish, until November 10, 1933, on which date, the corporation formally withdrew and surrendered its authority to do business in this state. The corporation was never afterwards qualified to do business in the state. The only property owned by the defunct corporation is that which is situated in the Parish of Acadia, Louisiana, consisting of the one-fifth interest in the profits realized or to be realized from two oil and gas companies, or either of them, from the working interest under a certain lease from the Crowley Oil and Mineral Company to one Newton P. Jackson, dated November 8, 1917, and the reversionary interest in the property appertaining thereto, including the wells, pipe lines, et cetera.

The plaintiff is the only creditor of the defunct corporation. The charter and license of the corporation were revoked and annulled by the State of Virginia on May 31, 1933, for failure of the corporation to pay its annual registration fee and franchise tax assessed against it for the two preceding years. There has not been a meeting of the stockholders of the corporation since November 26, 1930. There has not been a meeting of the board of directors since March 12, 1938. From the date of the last stockholders' meeting, in 1930, to the date of the last meeting of the board of directors, in 1938, the meetings of the board were held very seldom and were not regular meetings. No one, either as a director or as an officer of the corporation has authority to conduct its business or take charge of its property or affairs. The board that was

last elected has refused absolutely to do anything in the way of taking charge of the property or affairs of the corporation. All of these facts were proven on the trial of the rule to show cause, and are not disputed. The curator appointed to represent the defendant, foreign corporation, and the curator appointed to represent the nonresident stockholders, each filed (1) an exception to the jurisdiction of the court, (2) an exception of no cause or right of action, (3) a plea of prescription as to the mortgage bonds held by the plaintiff, and (4) an answer to the rule to show cause why a receiver should not be appointed. In their answers the curators virtually admitted the facts which were alleged in the plaintiff's petition and which we have recited, and they renewed their exceptions and their plea of prescription.

The judge of the district court sustained the plea to the jurisdiction on the authority of Shepherd v. Southern Lumber Co., 139 La. 771, 72 So. 241, and rejected the plaintiff's demand. The reason for rejecting the demand might as well have been called the plaintiff's want of a cause or right of action as the court's want of jurisdiction; because the reason for which the judge held that he had no jurisdiction, or that the plaintiff had no right or cause of action, was that she was a nonresident. The judge did not express his approval of the decision in Shepherd v. Southern Lumber Co. but declared that he felt constrained to follow it. Shepherd, being a stockholder, sued to have a receiver appointed for the foreign corporation. The ground on which the receivership was asked for was that the directors or officers of the corporation were jeopar-

dizing the rights of stockholders by grossly mismanaging the business of the corporation. That cause for the appointment of a receiver is set forth in paragraph 2 of section 1 of Act 159 of 1898. But the court held that the paragraph should be construed as having reference only to domestic corporations, or to foreign corporations located in this state. The word "located", in the statute, refers not to the corporation but to its property. It was held that any other interpretation of paragraph 2 than the interpretation which the court gave it would make paragraph 10 useless. That paragraph provides that a receiver may be appointed:

"At the instance of any creditor residing in this State, of the property actually situated in this State of a corporation domiciled out of the State for any of the causes hereinabove mentioned."

The purpose of that paragraph is to give to local creditors the right to have a receiver appointed to take charge of property actually situated in this state and belonging to a foreign corporation in any case in which any stockholder or creditor of either a domestic or foreign corporation would have the right to demand the appointment of a receiver. But that section does not seem to affect in any way the right of a stockholder to demand an appointment of a receiver of property situated in this state and belonging to a foreign corporation, when the directors or officers of the corporation are jeopardizing the rights of stockholders or creditors by grossly mismanaging the business of the corporation, as provided in the 2d paragraph of section 1 of the statute. For that reason the attorneys for plaintiff in this case contend that the court misconstrued the statute in Shepherd v. Southern Lumber Co. and that the decision ought to be overruled. The curator ad hoc for the defendant, foreign corporation, and the curator ad hoc for the nonresident stockholders who are made defendants in this suit, stated in their briefs in the district court, and repeat in this court, that they agree with the attorney for the plaintiff that if the decision in the Shepherd case is not overruled the anomalous result will be that there is no situation or condition under which a nonresident creditor or a resident or nonresident stockholder will have the right to have a receiver appointed to take charge of the property of a foreign corporation actually situated in this state. But both curators say that the district judge was right in following the decision in the Shepherd case, and in leaving it up to the Supreme Court to overrule the decision if it should be overruled. The decision is contrary to the precise terms of paragraphs 2 and 3 of the Act 159 of 1898. But we do not find it necessary to overrule the decision in order to maintain the plaintiff's right of action, or the jurisdiction of the district court, in this case. As far as the report of the Shepherd case shows, the plaintiff did not ask for the appointment of a receiver merely to take charge of the property of the foreign corporation situated in this state, but asked for the appointment of a receiver to take charge of the property and business of the foreign corporation. In the second place, Shepherd's cause of action was the one stated in paragraph 2 of section 1 of the statute; that is, that the directors or officers of the foreign corporation were jeopardizing the rights of the stockholders by

grossly mismanaging the business of the corporation. The cause of action of the plaintiff in this case is the one stated in paragraph 3 of section 1 of the statute; that is, that the property of the corporation has been abandoned, and that by failure of the stockholders to elect, or by the neglect or refusal of the officers to serve, there is no one authorized to take charge of or to conduct the affairs of the corporation.

The undisputed facts of this case leave no doubt that plaintiff, as a stockholder of the foreign corporation, has the right under paragraph 3 of section 1 of the statute to demand the appointment of a receiver to take charge of the corporation's property in this state.

The property of a corporation does not pass to the stockholders by effect of the dissolution of the corporation. For the purpose of disposing of its property and liquidating its affairs a dissolved corporation is considered as being yet in existence, and it requires a judicial proceeding to dispose of its property and liquidate its affairs. Munn v. Wadley, 192 La. 874, 189 So. 561; Section 74 of Act 250 of 1928.

Conceding for the sake of argument that the courts in Virginia would have jurisdiction to appoint a receiver in this instance, if the plaintiff should proceed to have a receiver appointed in Virginia it would yet be necessary then to have an ancillary receiver in this state, to dispose of the property situated in this state. Hence the appointment of a receiver in Virginia would be an unnecessary formality and a useless expense. As Judge Dawkins, of the United States District Court for the Western District of Louisiana, said in the case of Fudickar v. Louisiana Loan & Investment Co., D.C., 13 F.2d 920, 921:

"It would seem, therefore, that actually no other court could exercise the necessary power to grant the relief sought, and, even if a receiver were appointed in Delaware, that proceeding would have to be supplemented by the appointment of an ancillary receiver here. There can be no doubt but this court would have jurisdiction of such ancillary proceeding. In such circumstances, should the complainants be driven to seeking relief in Delaware, when, according to the bill it would be a mere matter of form precedent to the asking of this court the identical relief now sought?"

The general rule with regard to appointing a receiver to take charge only of the property of a foreign corporation, situated within the jurisdiction of the court appointing the receiver, is stated in 20 C.J.S. p. 111, verbo Corporations, § 1888, thus:

"Notwithstanding the general rules just stated, it is firmly established that courts of one state or country have power to appoint a receiver in a proper case for property located within their jurisdictional limits but belonging to a foreign corporation, and * * * the right of appointment exists independently of whether or not a domiciliary receiver has been appointed, it may be exercised even where the corporation has been, or is about to be, dissolved in the state of its domicile, and it is not precluded by the fact that the corporation is not licensed to do business within the state. Accordingly, while courts of a state have no power to dissolve a foreign corporation, receivers for

the property in the state may be appointed for the purpose of conserving and distributing it."

"The courts of one state have no power to dissolve a foreign corporation and wind up its affairs, but it will retain its legal existence until dissolved by a proceeding in the state which created it. There is, however, a radical distinction between an action which seeks to have appointed a receiver of the property and assets of a corporation * * * and an action for the appointment of a receiver of the corporation, and it is well settled that the courts of one state may, at the instance of resident or domestic creditors, or even at the instance of a nonresident creditor, appoint a receiver for a foreign corporation doing business therein and having property there * * *. To have a receiver of a foreign corporation appointed it is not necessary for the bill to allege that the defendant is doing business in this state at the time when the bill is filed. It is sufficient for it to appear that the corporation has done business there and has property therein at the time of the filing of the bill, although the business has been entirely suspended." 12 R.C.L. 106, § 85.

Of course, any court may, as a matter of comity, entertain or decline to entertain any lawsuit brought by a nonresident against another nonresident of the state. It was so said, with reference to appointing a receiver, in Burnrite Coal Briquette Co. v. Riggs, 274 U.S. 208, 47 S.Ct. 578, 579, 71 L.Ed. 1002, thus:

"The fact that a bill seeking appointment of a receiver of a corporation is brought in a state other than that of the incorporation may lead the court to decline to interfere as a matter of comity or for want of equity; or it may require the court to limit the scope of the relief granted. But the fact of incorporation under the laws of another state does not preclude jurisdiction."

In this case the judge of the district court declined to entertain the suit for the reason only that he felt constrained by the decision in Shepherd v. Southern Lumber Co. to dismiss the plaintiff's demand on account of her being a nonresident.

The rule that a state court may, as a matter of comity, and as the court sees fit, either entertain or refuse to entertain a suit brought by a nonresident against another nonresident, has reference to cases where the defendant waives the right to except to the jurisdiction of the court. The rule is not applicable to the present case because the curator ad hoc for the foreign corporation in this case is excepting to the jurisdiction of the court. The court has jurisdiction over the corporation's property actually in the parish in which the suit was brought; hence the plaintiff has the right to insist that the court shall exercise its jurisdiction to that extent.

It is not necessary to consider the plea of prescription, with regard to the bonds held by the plaintiff, because she is suing in her capacity both as a stockholder and as a creditor; and as a stockholder she has a right of action. The question of prescription of the bonds which she holds may be considered and disposed of in the district court after the receiver is appointed and especially when he renders an account.

The judgment appealed from is annulled and the case is ordered remanded to the district court for the appointment of a receiver to take charge of the corporation's property situated in this state, and for such further proceedings as may be necessary and consistent with the opinion which we have rendered. All costs of these proceedings are to be taxed against the corporation's property within the jurisdiction of the district court.

HIGGINS, J., concurs in the decree,

FOURNET, J., concurs.

PONDER, J., concurs.

McCALEB, J., concurs in the decree