-Sidney H. Asete, J.
Plaintiff is the tenant and defendant is the landlord under a written lease of office space. The lease provides that the tenant shall not sublet the premises without the consent of the landlord and that the landlord shall not unreasonably withhold such consent.
Plaintiff entered into negotiations with a potential sub-lessee for sublease at a rental greater than that paid by plaintiff to defendant. Defendant informed plaintiff that it would not consent to the sublease unless plaintiff agreed to execute and deliver to defendant, in exchange for defendant’s consent, a document by which plaintiff would agree to pay to defendant a rent in excess of that provided by the original written lease. Plaintiff executed the document, defendant consented to the sublease, and the sublessee accordingly took possession of the subject premises.
Plaintiff now contends that it was forced to capitulate to defendant’s demand for increased rent by the business exigencies of the moment, to wit: the threat of the potential sublessee to withdraw from the negotiations unless the sublease was consummated as -scheduled, and the lack of another potential subtenant willing to pay the same rent. Plaintiff further alleges that there were no reasonable grounds, under the terms of the lease, for defendant to withhold consent to its subletting.
Plaintiff by this action seeks a judgment declaring that its consent to the increased rent is void for duress and want of consideration, and further declaring that defendant’s consent to the subletting is valid notwithstanding the invalidity of plaintiff’s consent to pay higher rent, and for related relief.
Defendant now moves to dismiss the complaint on the ground that a cause of action is not stated.
Defendant contends that even if its threatened withholding of consent to the subletting unless plaintiff acceded to its demand for increased rent was a breach of the lease, still its acts as a matter of law do not constitute duress because, as defendant argues, plaintiff has an adequate legal remedy in the form of an action for a declaratory judgment or injunction requiring defendant to consent to the subletting.
*1022 On this motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to plaintiff.
Plaintiff contends that in the situation in which it yielded to defendant’s demand for increased rent, its legal remedies for defendant’s threatened breach of contract were inadequate, as no judgment could have been entered in time to avoid loss of the subtenant.
Where the normal legal remedy for breach of contract is inadequate or ineffectual, a threatened breach of contract may constitute duress. This was the very recent holding by the Appellate Division, First Department, in Austin Instrument v. Loral Corp. (35 A D 2d 387). The Justices in that case unanimously upheld the stated principle, although they were divided three to two, as to how it should be applied to the facts therein, and the majority therein found no duress in that case.
Under the holding of the cited case, plaintiff has stated a valid cause of action which it must be allowed to prove.
The motion is denied.