In the Matter of EDWARD A. DOHRING for the Dissolution of CVC PRODUCTS, INC., Petitioner.

Supreme Court, Monroe County, January 25, 1989

### APPEARANCES OF COUNSEL

*Nixon, Hargrave, Devans & Doyle (William S. Brandt* of counsel), for CVC Products, Inc. *Harris, Beach & Wilcox (Douglas A. Foss* of counsel), for petitioner.

### OPINION OF THE COURT

RICHARD C. WESLEY, J.

Petitioner, a stockholder and former director, seeks dissolution of CVC Products, Inc., a Delaware corporation, under section 1104-a of the Business Corporation Law, and under the common law of New York as announced in *Leibert v Clapp* (13 NY2d 313 [1963]). CVC has asked this court to dismiss *sua sponte* plaintiff's cause of action on the ground that a New

York court lacks subject matter jurisdiction to dissolve a foreign corporation.

## I.

It is well-settled law that in deciding whether to dismiss an action for lack of subject matter jurisdiction, the court is required to assume the truth of the statements made in the complaint and to give those statements every intendment and fair inference. *(Schmidt v Rebhann,* 108 NYS2d 441 [1951]; *Equity Funding Corp. v Carol Mgt. Corp.,* 66 Misc 2d 1020 [Sup Ct, NY County 1971].) Bearing that in mind, the relevant facts of this case are as follows:

CVC Products, Inc. is a corporation duly organized under Delaware law, having its principal place of business in Rochester, New York. CVC was formed through a leveraged buy-out in 1973.

Immediately upon its formation, each of the shareholders were employed by CVC. Petitioner, along with several other individuals, also became directors of the newly formed corporation.

The company grew and became quite prosperous. In the early 1980's, several of the original shareholders of CVC became interested in realizing their substantial economic gains. There was disagreement among them as to how this should be accomplished. As the dispute progressed, several shareholders compelled the petitioner to resign in February of 1985 from his position as president of the company. Thereafter, the defendants demanded that the petitioner tender his shares to the company under the terms of a share repurchase agreement which grossly undervalued petitioner's holdings and interest in the corporation.

Inevitably, litigation ensued. Petitioner then decided to bring this action to obtain a judicial resolution of the dispute.

## II.

The sole ground advanced by CVC for the dismissal of petitioner's petition at this stage of the litigation is that this court lacks subject matter jurisdiction to dissolve a foreign corporation, either at common law or under Business Corporation Law § 1104-a.

This argument presents an issue which has undergone considerable evolution in recent jurisprudence: namely, can

the courts of one State act to dissolve or liquidate a corporation incorporated under the laws of another? CVC's request for *sua sponte* dismissal narrows the question to ascertaining only the slightest predicate for subject matter jurisdiction.

## A.

Involuntary dissolution of a corporation is a drastic remedy. The courts have entertained such actions only reluctantly, particularly where brought by a minority shareholder. *(See,* 16A Fletcher, Cyclopedia of Corporations § 8080 *et seq.* [Perm ed].)

The general rule is that absent statutory authority, a court has no power to dissolve a corporation, especially at the request of a minority shareholder. *(Id.,* § 8098.) Nevertheless, a corporation can be dissolved by the exercise of a court's equitable powers under some circumstances, including an application by a minority shareholder. (2 Hornstein, Corporation Law and Practice § 816 *et seq.)*

In New York, an exception to the general rule prevails. Minority shareholders have a common-law right to bring an action for dissolution where the majority shareholders are operating the corporation solely for their own benefit. *(Leibert v Clapp,* 13 NY2d 313, 316, *supra.)* The Legislature has also enacted a statutory basis for involuntary dissolution (Business Corporation Law § 1104-a) in limited situations. The statute supplements and does not abrogate the common-law right. *(Matter of Kemp & Beatley [Gardstein],* 64 NY2d 63, 70 [1984].)

The courts of this State have thus acquired broad equitable power to dissolve or liquidate domestic corporations. The remaining question is whether this power may be expanded to include foreign corporations and if so, whether it may be exercised under the facts of this case.

## B.

An action for dissolution is deemed an internal dispute of a corporation. The older view was that the internal affairs of foreign corporations were not to be litigated in courts of a State other than that of incorporation. *(Langfelder v Universal Labs.,* 293 NY 200 [1944], *rearg denied* 293 NY 767; *see also, Cohn v Mishkoff Costello Co.,* 256 NY 102 [1931].) In *Langfelder,* plaintiffs sought dissolution of a Delaware corporation rather than give their assent to a merger with another Delaware corporation. The court declined to exercise jurisdic-

tion, even though it was undisputed that the "foreign" corporation was principally operated in New York. The court reasoned: "[I]t is well settled that jurisdiction in any case will be declined either in the absence of jurisdiction in the strict sense or where a determination of the rights of [the] litigants involves regulation and management of the internal affairs of the corporation". (293 NY, *supra*, at 204.) The rule followed in *Langfelder* and *Cohn* has been subject to substantial modification in more recent cases, however. One Federal appeals court has stated: "Though courts will not ordinarily interfere with the internal affairs of foreign corporations, they have jurisdiction to do so in the exercise of a sound discretion". *(Bellvue Gardens v Hill,* 297 F2d 185, 187 [DC Cir 1961, Burger, J.].)

*Bellvue (supra),* like the case at bar, involved an action for dissolution of a Delaware corporation brought by a minority shareholder. The court noted its inherent power in equity to liquidate a corporation where an abuse of trust is present. *(Supra.)*

This trend in the direction of expanding jurisdiction over foreign corporations was noted by the First Department in New York in 1964. *(Bryant v Finnish Natl. Airline,* 22 AD2d 16 [1st Dept 1964].) While earlier courts had considered themselves jurisdictionally barred from entertaining lawsuits involving the internal affairs of foreign corporations *(see, Langfelder v Universal Labs, supra; Cohn v Mishkoff Costello Co., supra),* the more recent view was to regard the issue as one of convenience and discretion. *(Samuelson v Starr,* 28 Misc 2d 479 [Sup Ct, Queens County 1961].)

In 1970, the First Department entertained a proceeding to dissolve a foreign corporation under the common-law standard. *(Tosi v Pastene & Co.,* 34 AD2d 520 [1st Dept 1970].) More recently, it has been held that a corporation incorporated under the laws of another State can nevertheless have "internal" disputes resolved in the courts of this State. *(Broida v Bancroft,* 103 AD2d 88 [2d Dept 1984] [shareholders' derivative action against foreign corporation].) The court in *Broida* noted that jurisdiction to resolve the internal disputes of foreign corporations may be far more readily exercised where the corporation's contacts with New York are substantial. *(Supra,* at 92.)

III.

Applying these principles to the case at bar, the court notes

that CVC Products, Inc. is a foreign corporation in name only. Assuming (as we must for purposes of this motion) that the allegations in the petition are true, the corporation's sole contact with the State of Delaware is its certificate of incorporation. All or most of the corporation's assets, employees, offices, operations and 2 of its 5 directors are in New York. These factors render it doubtful that this litigation could be effectively undertaken in a Delaware court, and strongly suggest that this court, in its discretion, should adjudicate the dispute between these parties.

Moreover, the fact that the relief nominally sought (i.e., dissolution and forfeiture of the corporate charter) is not technically within the power of the court does not bar the award of lesser or alternative relief in this action. Whether petitioner's cause of action is considered statutory or common law, there is ample authority for this court to fashion a remedy, short of dissolution, which will attain substantial justice between the parties. *(Tosi v Pastene & Co., supra; see also, Gimpel v Bolstein,* 125 Misc 2d 45 [Sup Ct, Queens County 1984]; Business Corporation Law § 1118.)

Therefore, CVC's request that this court dismiss *sua sponte* the petitioner's dissolution petition for lack of subject matter jurisdiction is denied.