|2KUHN, Judge.
I. THE ISSUES
This appeal raises the issues of 1) whether a court in this state has the power to dissolve a foreign corporation and 2) whether a judgment ordering the dissolution of a corporation following a declaratory judgment re/* garding the corporation’s ownership constitutes a substantive amendment of the earlier judgment.
II. PROCEDURAL HISTORY
This is the second appeal arising from litigation in which plaintiff-appellee, Norma Valencia Bartels de Nunez, filed suit against her brother, defendant-appellant, Eduardo Felipe Valencia Bartels, seeking to be declared a one-half owner of the property of defendant-appellant, Forty One Corporation (“41 Corp.”), a corporation organized pursuant to the laws of Panama, which holds assets located in Louisiana,. New York and Venezuela. Felipe disputed Norma’s claim on the basis of an alleged donation of the shares to him by his father, Julio Valencia Cardoze. Norma claimed the donation was invalid because it did not comply with Venezuelan form requirements.
In the first appeal[2], we addressed the issue of the validity of a donation of the bearer shares of stock of 41 Corp. and affirmed the trial court’s July 31, 1995 judgment, which recognized that Norma and Felipe each became owners of one-half of the shares of 41 Corp. on November 15,1989, the date of their father’s death. The July 31, 1995 judgment also: 1) enjoined Felipe and 41 Corp. from removing any assets from any account of 41 Corp. until they complied with the terms of the July 31, 1995 judgment, and 2) ordered Felipe to a) deliver one-half of the outstanding stock certificates of 41 Corp. to Norma, b) return all funds and assets of 41 Corp. removed by him or at his request or direction to the financial institution where such funds or assets were maintained, with legal interest from the date taken, c) render to Norma an accounting for all transactions of 41 Corp. entered into under the direction of Felipe, and d) take all steps to insure that 41 Corp. and all financial ^institutions, in which 41 Corp. maintains an account or has any monies or assets, recognize Norma’s one-half ownership interest in the stock of the corporation.
On October 12, 1995, Norma filed a rule for contempt and/or rule petitioning supplemental relief, in which she sought damages for Felipe’s failure to comply with the provisions of the July 31, 1995 judgment. She asserted she was entitled to damages in an amount equivalent to her one-half share of 41 *1010 Corp., which she claims is worth at least $3.1 million. Norma further claimed she was entitled to recover this sum out of the approximately $3.5 million held in 41 Corp. accounts located in Louisiana and New York. Norma urged she was entitled to such relief pursuant to the court’s contempt authority under La.C.C.P. art. 3611 and pursuant to La. C.C.P. art. 1878 relating to declaratory relief. Alternatively, Norma sought the dissolution of 41 Corp. due to the irreconcilable differences between Felipe and herself.
A hearing was held regarding this matter on December 1, 1995, at which time Felipe’s counsel admitted Felipe had removed funds from 41 Corp. and had not returned the funds to the accounts from which they had been removed. Counsel for Felipe represented that Felipe did not have sufficient liquid assets to return the monies as required by the judgment and informed the court regarding Felipe’s efforts to comply with the accounting requirements of the July 31, 1995 judgment.
The trial court found Felipe had failed to comply with the July 31, 1995 judgment and ordered compliance on or before January 10, 1996[3], the date scheduled for the next hearing regarding plaintiffs rule. On January 10, 1996, Felipe’s counsel advised the court that defendants had complied with all of the requirements of the July 31, 1995 judgment except the order requiring Felipe to return the funds which he had removed.
On January 25,1996, the trial court signed a judgment granting supplemental relief in favor of Norma and against Felipe, which ordered that: 1) 41 Corp. be dissolved and all assets of the corporation be distributed between Norma and Felipe as the two owners of the | corporation; 2) because Felipe has already removed at least $2,009,000.00 from 41 Corp.’s assets over the past several years, and because legal interest of $747,146 has accrued on those sums from the date those sums were removed from 41 Corp. through the date of the July 31, 1995 judgment, Norma is entitled to receive the first $2,756,146, plus legal interest on that amount from July 31, 1995, until the date distributed; 3) any and all remaining accounts and assets of 41 Corp. shall be then divided equally between Norma and Felipe unless additional withdrawals from the 41 Corp. accounts by Felipe are established.
Defendants have appealed the January 25, 1996 judgment, raising the following assignments of error:
1. The district court erred in ordering the dissolution of 41 Corp. because it lacked the judicial power to take such action under Louisiana law.
2. The district court erred in entering the 1996 judgment because it constituted a substantive amendment of the 1995 judgment.
III. ANALYSIS
A. Power of the Court to Dissolve a Foreign Corporation
Appellants contend the district court did not have the judicial power to order the involuntary dissolution of 41 Corp., citing Wilkinson v. Wogan, 162 La. 133,110 So. 176 (1926). Appellee asserts Louisiana courts have broad authority to award supplemental relief to enforce their judgments and argues the Wilkinson case is inapplicable to this case.
In Wilkinson, plaintiffs, who claimed to be duly appointed and qualified liquidators of a Mississippi corporation, filed suit in Louisiana to recover payment on a note, which had allegedly been executed by the defendant for the purchase price of shares of the corporation. Defendant filed various exceptions to the suit, contending 1) plaintiffs had no capacity to file the suit because the Mississippi corporation had never been legally dissolved according to the laws of Mississippi and because plaintiffs had never been legally appointed or qualified as liquidators of the corporation under Mississippi laws, 2) plaintiffs had no right or cause of action against defendant, and 3) the Louisiana district court was without [ siuris diction ratione materiae (sub- *1011 jeet matter jurisdiction) to entertain the proceeding. The trial court sustained the exceptions and plaintiffs appealed.
On appeal, the supreme court addressed the issues of the capacity of the liquidators to sue and the subject matter jurisdiction of the district court to entertain the suit, and affirmed the judgment of the district court. The court noted the Mississippi corporation operated under its Mississippi charter but maintained an office in the city of New Orleans and transacted business there. All of its property was located in Louisiana. The charter of the Mississippi corporation provided the corporation’s domicile was in Mississippi and that the rights and powers of the corporation were those conferred by certain provisions of the Mississippi Code of 1906.
Regarding the issue of procedural capacity, the court considered a provision of the Mississippi Code addressing liquidation which required liquidators of the corporation to be appointed by the chancery court of the county in which the domicile of the corporation was situated. Since the plaintiffs admitted they had not been appointed liquidators by the chancery court in Mississippi, the court determined plaintiffs were without capacity to prosecute the suit.
With respect to the issue of subject matter jurisdiction, the supreme court found the civil district court was without jurisdiction to wind up the affairs of the corporation and dissolve it. In addressing this issue, the court quoted the following language from 14a Corpus Juris 1849:
The dissolution of a corporation, whether by the expiration of its charter, the forfeiture of its privileges, or as a result of its
insolvency, is governed and controlled by its charter and the laws of the sovereignty by which it was created.
.Regardless of the grounds for dissolving the corporation, it retains its character, with all the legal capacity it ever possessed, until dissolved by a proceeding had in the state of its creation.
The courts of one state or country have no jurisdiction or power to dissolve a corporation created by another state or country. The fact that the foreign corporation does business or owns property in the state where the action to dissolve is brought does not give the court the power to dissolve it.
Wilkinson, 110 So. at 177.[4]
Appellee argues that the Wilkinson court’s language pertaining to power of the court to dissolve a foreign corporation is dicta and not controlling in this ease. Ap-pellee asserts the trial court had the authority pursuant to La.C.C.P. art. 1878 to dissolve the foreign corporation and that such action is consistent with Panamanian law pertaining to dissolution of a corporation. Appellee also cites decisions from other states in which the power of the courts to dissolve a foreign corporation was recognized to be within the discretion of the court where factors such as convenience, public policy, efficiency, expedience and justice warrant such action.
With respect to the Wilkinson case, we find the decision of the court pertaining to subject matter jurisdiction to be a holding of the case. Appellee asserts the issue presented in Wilkinson was whether certain debtors could appoint themselves as liquidators of a *1012 foreign corporation and pursue litigation against the debtors of the corporation, apparently arguing that the court’s finding regarding the procedural capacity of the plaintiffs was the only holding of the case. However, the Wilkinson court affirmed the trial court’s judgment sustaining both the exception raising the objection of lack of subject matter jurisdiction and the exception raising the objection of lack of procedural capacity. While the supreme court Ucould have affirmed the judgment of the trial court by addressing only the issue of procedural capacity or only the issue of subject matter jurisdiction, it did not do so. The court provided two holdings for the affirmance of the trial court’s judgment. We cannot say the reasoning in support of either one of these holdings is dictum. Since Wilkinson remains a valid authority, we are compelled to apply its holding to the facts of this case, and conclude the trial court did not have power to dissolve 41 Corp.[5] Accordingly, that portion of the January 25, 1996 judgment ordering the dissolution of 41 Corp., and the distribution of its assets is hereby reversed.[6]
We do note, however, other states have recognized exceptions to the general rule that courts of one state or country have no jurisdiction or power to dissolve a corporation created by another state or country. The more recent rule in these jurisdictions is to consider convenience and equity. A description of this more recent trend was addressed by one of the courts, quoting 17 Fletcher Cyc. Corp., § 8425, pp. 419-420, which states:
[M]ost of the courts now hold that the question is not one of jurisdiction or power in the court of the state which is not the legal domicile of a foreign corporation, but it is a question rather of discretion in the court as to whether it will exercise jurisdiction. It is a question of the balance of convenience, of whether considerations of public policy, efficiency, expedience and justice to all parties interested demand that jurisdiction be retained in the foreign court, or that it be declined under the rule of forum non conveniens.
In re Mercantile Guaranty Co., [238 Cal. App.2d 426] 48 Cal.Rptr. 589, 593 (1st Dist. 1965).
However, we note these other state cases, wherein the court determined it had power to dissolve a foreign corporation, involved factual situations where all or most of the corporation’s assets, employees, offices, operations, and directors were present in the state exercising jurisdiction and there was little or no connection remaining between the | gcorporation and the foreign state. Id. 48 CaLRptr. at 592, Application of Dohring, 142 Mise.2d 429, 537 N.Y.S.2d 767, 769 (N.Y.Sup. 1989).[7] Even if we were to apply the more recent rule recognized by other states, we would not find justification for exercising jurisdiction to dissolve 41 Corp. due to the minimal contacts the corporation has with the state of Louisiana. The only contact 41 Corp. has with this state is that a small percentage of the corporation’s assets are present in this state.
B. Validity of the Remaining Portions of the 1996 Judgment
Appellants argue the 1996 judgment is an attempt to substantively amend the 1995 judgment after the district court was divested of jurisdiction pursuant to La.C.C.P. *1013 art. 2088, and should be considered null. Specifically, appellants contend that prior to the 1995 ruling, plaintiff sought a judgment ordering the distribution of the assets of 41 Corp. pursuant to a dissolution, and was denied such relief. Insofar as the 1996 judgment ordered the dissolution of 41 Corp., appellants assert the 1996 judgment constitutes an impermissible substantive amendment of the 1995 judgment. Appellants also urge the district court did not have jurisdiction to grant “supplemental relief'’ pursuant to La.C.C.P. art. 1878, asserting that because 41 Corp. was not ordered to do anything pursuant to the 1995 judgment, it obviously could not be in contempt for failing to comply with that judgment.
Since we have concluded the trial court did not have the power to order the dissolution of 41 Corp., we examine the validity of only the remaining provisions of the 1996 judgment. The trial court declared that Norma was entitled to receive the first $2,756,146.00 of corporate funds, plus legal interest on that amount from July 31, 1995, until the date distributed. The trial court further found that the remaining accounts and 19assets shall be divided equally between plaintiff and defendant unless additional withdrawals by Felipe from 41 Corp. accounts and other assets are established.
La.C.C.P. art. 1878 provides:
Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper. The application therefor shall be by petition to a court having jurisdiction to grant the relief. If the application is considered sufficient, the court, on reasonable notice, shall require any adverse party whose rights have been adjudicated by the declaratory judgment or decree, to show cause why further relief should not be granted forthwith.
La.C.C.P. art. 3611 sets forth:
Disobedience of or resistance to a ... final injunction is punishable as a contempt of court. The court may cause to be undone or destroyed whatever may be done in violation of an injunction, and the person aggrieved thereby may recover the damages sustained as a result of the violation.
La.C.C.P. art. 191 addressing inherent judicial power states:
A court possesses inherently all of the power necessary for the exercise of its jurisdiction even though not granted expressly by law.
Because the 1996 judgment was issued in response to matters that occurred after the 1995 judgment became final, i.e., Felipe’s failure to comply with the court’s previous order to return the assets of 41 Corp., we find the trial court had the power, pursuant to the above-referenced code articles, to declare Norma to be entitled to the first $2,756,-146.00 of 41 Corp. funds, plus legal interest from July 31, 1995, until the date such funds are distributed.[8] The language of the order assumes the assets are being distributed. Since we have concluded the trial court did not have the power to order the dissolution of 41 Corp. or the distribution of its assets, we modify the judgment of the court to declare Norma is entitled to receive such funds upon dissolution of the corporation. We do not find this relief to be a substantive amendment of the 1995 judgment. Rather, we find the relief is an appropriate means of enforcing the court’s prior order that Felipe return corporate funds to the accounts from which such funds had been removed. Such action is within the inherent power of the court.
| ipLikewise, we find the court had the power to declare Felipe and Norma’s rights to the remaining assets of 41 Corp. The court ordered that any and all remaining accounts and assets of 41 Corp. shall then be divided equally between Norma and Felipe, unless additional withdrawals by Felipe are established. Again, since the language of the order assumes the assets are being distributed, we modify the last paragraph of the court’s judgment to declare that Norma and Felipe are entitled to receive equal shares of the remaining assets and funds of 41 Corp. upon dissolution of the corporation, unless Norma establishes that additional withdraw *1014 als from 41 Corp. accounts and assets have been made by Felipe.
Pursuant to the same statutory provisions authorizing the orders of the trial court and in the interest of equity and justice, we also order Felipe and Norma to take the legal steps necessary to effectuate the dissolution of 41 Corp. pursuant to the laws of the Republic of Panama. The records of this matter and the related appeal of the July 31, 1995 judgment demonstrate the complete lack of accord between Norma and Felipe and the obvious need for the dissolution of 41 Corp. Again, this action is within the inherent power of the court.
IY. CONCLUSION
For the above reasons, that portion of the trial court’s judgment ordering the dissolution of 41 Corp. and the distribution of its assets to the owners of the corporation, Norma Valencia Bartels de Nunez and Eduardo Felipe Valencia Bartels, is reversed. That portion of the judgment which declares Norma is entitled to receive the first $2,756,-146.00 of 41 Corp. funds, plus legal interest on that amount from July 31, 1995, until the date distributed, is modified to declare that Norma is entitled to receive such funds upon the dissolution of 41 Corp. That portion of the judgment which provides that the remaining accounts and assets of 41 Corp. shall be divided equally between Norma and Felipe is modified to declare that Norma and Felipe are each entitled to an equal share of the remaining assets of 41 Corp. upon dissolution of the corporation, unless Norma establishes additional withdrawals from 41 Corp. accounts and assets have been made by Felipe. The | n judgment is further amended to order Felipe and Norma to take the necessary legal steps, forthwith, to dissolve 41 Corp. pursuant to the laws of the Republic of Panama. Costs of this appeal are assessed to appellant, Eduardo Felipe Valencia Bartels.
REVERSED IN PART, AMENDED IN PART AND, AS AMENDED, AFFIRMED IN PART.

. The companion appeal de Nunez v. Bartels, is also decided on this date under docket number 95 CA 2577.

. Since no written order was issued by the court following the December hearing, the matter was in essence continued to allow defendant more time to comply with the provisions of the July 31, 1995 judgment.

. 19 CJ.S. Corporations § 932 (1990) addressing dissolution of a corporation similarly provides:
The dissolution of a corporation, ... is governed and controlled soley (sic) by its charter and the laws of the sovereignty by which it was created, and the courts of another state or country will generally recognize the right of the government of the corporation’s domicile to dissolve or destroy the corporation and to confiscate its property and rights within the domiciliary jurisdiction.
So, the courts of one state or country have no jurisdiction or power to dissolve a corporation created by another state or country....
The fact that the foreign corporation does business or owns property in the state where the action to dissolve is brought does not give the court power to dissolve it.... Regardless of the grounds for dissolving the corporation, it retains its character, with all the legal capacity it ever possessed, until dissolved by a proper proceeding had in the state of its creation.
However, the court may have jurisdiction to partition the property of a foreign corporation within the state, or to give other equitable relief founded on the court’s power over the corporation officers or property within its jurisdiction.
(Footnotes omitted.)

. We also find the court did not have power to disregard the corporate entity pursuant to the alter ego doctrine. However, if we were to apply this doctrine as urged by appellee, we do not find appellee has established a totality of circumstances justifying the piercing of the corporate veil of 41 Corp. Riggins v. Dixie Shoring Co., Inc., 590 So.2d 1164, 1168 (La. 1991).

. Other states have continued to recognize the general rule that courts of one state do not have the power to dissolve a corporation created by the laws of another state. See Young v. JCR Petroleum, Inc., 188 W.Va. 280, 423 S.E.2d 889 (W.Va.1992); and cases cited therein.

.In the case of In re Dissolution of Hospital Diagnostic Equipment Corp., 205 A.D.2d 459, 613 N.Y.S.2d 884 (N.Y.App.Div.1994), the court found no merit in a claim that the court lacked subject matter jurisdiction to dissolve a foreign corporation, where the only apparent New York connections were the subject corporation's maintenance of an office in New York and a choice that New York law would govern a shareholders’ agreement. However, the court declined to exercise jurisdiction, dismissing the petition on the ground of forum non conveniens.

. Appellants did not assign error to the specific amount of funds which the trial court determined had been removed by Felipe.